MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
AMANDA BONN (270891)
abonn@susmangodfrey.com
FRANCES S. LEWIS (291055)
flewis@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Fax: (310) 789-3150

[Additional Counsel on signature line]

*Attorneys for Defendant Alta-Dena Certified Dairy, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JUAN PEREZ, on behalf of himself and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA-DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. CV13-7741 FMO (JCx)<br><br>**CLASS ACTION**<br><br>**NOTICE OF RELATED CASES**<br><br>[Local Rule 83-1.3.1]<br><br>[Los Angeles Superior Court Case No. BC509036] |

2912086v1/013775

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO THE PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 83-1.3.1, Defendant Alta-Dena Certified Dairy, LLC ("Alta-Dena") hereby respectfully submits that the above-entitled action is the same case as *Juan Perez v. Alta-Dena Certified Dairy, LLC*, Case No. 13-04335 R (FFMx) (U.S. District Court, Central District of California (case closed September 19, 2013), and is related to the following three actions: *Steven M. Ikeda v. Swiss II, LLC*, Case No. CV 11-9686 R (FFMx); *de la Cueva v. Alta-Dena Certified Dairy, LLC*, Case No. CV 12-01804 GHK (CWx); *Parker v. Dean Transportation, Inc., et al.*, Case No. CV 13-02621 BRO (VBKx).

Local Rule 83-1.3 provides that notice of a related case shall be filed and served on all parties who have appeared stating whether any action pending in the Central District of California and the action being filed appear: (a) to arise from the same or substantially identical transactions; happenings or events; or (b) to call for determination of the same or substantially identical questions of law and fact; or (c) likely for other reasons to entail substantial duplication of labor if heard by different judges.

**I. *Juan Perez v. Alta-Dena Certified Dairy, LLC*, Case No. 13-04335 R (FFMx).**

1. The foregoing action is identical to the previously-filed *Juan Perez v. Alta-Dena Certified Dairy, LLC*, Case No. 13-04335, which the Court remanded by Order dated September 19, 2013. Alta-Dena Certified Dairy, LLC is now removing the same case to this Court on different grounds. As a result, there is no question that the two cases—which are really one and the same—arise from identical transactions, happenings or events, call for determination of the same questions of law and fact, and would therefore entail substantial duplication of labor if heard by a different judge.

II. *Ikeda v. Alta-Dena Certified Dairy, LLC, et al.*, No. CV 12-03034 R (FFMx).

2. The *Ikeda* case was first removed to this Court on November 21, 2011, under the caption *Steven M. Ikeda v. Swiss II, LLC*, Case No. CV 11-9686 R (FFMx) and was eventually assigned to the calendar of the Honorable Manuel L. Real, United States District Judge.

3. Following removal, the plaintiff, Mr. Steven M. Ikeda ("Ikeda"), filed a first amended complaint, adding four additional named plaintiffs and naming Alta-Dena Certified Dairy, LLC as a defendant. *See* Dkt. No. 20.

4. The five plaintiffs in the *Ikeda* action asserted claims against Alta-Dena for missed meal and rest breaks and related claims arising under California law.

5. After Mr. Ikeda filed his first amended complaint, the court remanded the action on April 2, 2012, rejecting the original stated grounds for removal—federal question jurisdiction. Immediately following remand, Alta-Dena removed the case to this Court again on April 6, 2012, asserting that the first amended complaint was removable based on this Court's diversity jurisdiction. Upon this second removal, the action was captioned *Steven M. Ikeda, et al. v. Alta-Dena Certified Dairy, LLC*, Case No. CV 12-03034 R (FFMx) and was determined to be related to the case as originally removed, *Steven M. Ikeda v. Swiss II, LLC*, Case No. CV 11-9686 R (FFMx).

6. After Alta-Dena's removal, the plaintiffs in *Ikeda* moved to remand the case, and Alta-Dena moved to dismiss the first amended complaint. Judge Real expended considerable time and effort in adjudicating both motions, ultimately denying the motion to remand and granting the motion to dismiss with prejudice. Plaintiff appealed both orders to the Ninth Circuit, where the case is now pending.

7. The instant case is a putative class action filed by Juan Perez ("Perez"), a former employee of Alta-Dena like the plaintiffs in *Ikeda*. Perez

asserts claims against Alta-Dena for failure to provide meal and rest breaks in accordance with California law, and related claims arising under California law.

8. Both this case and the *Ikeda* case are putative class actions alleging claims for missed meal and rest breaks under California law.

9. The defendant, Alta-Dena Certified Dairy, LLC, is the same in both cases.

10. Both cases are likely to involve substantially similar questions of fact in terms of meal and rest break policies and practices, and could also have overlapping witnesses, including drivers, supervisors, and managers.

11. Therefore, these two cases arise from related transactions, happenings, events, or occurrences.

12. Moreover, these two cases are likely to include substantially similar questions of fact and law, including at least: (a) the nature of the meal and rest break policies at issue, (b) whether such meal and rest break policies and practices complied with the law, and (c) whether class certification is appropriate.

13. In light of the substantial time and effort Judge Real expended in adjudicating two motions to remand and a motion to dismiss in the *Ikeda* case, assigning this case to a different judge would result in substantial duplication of labor.

14. While this case is closely related factually and legally to the *Ikeda* case discussed above, it also may be deemed related to the *de la Cueva* case and/or the *Parker* case discussed below. The *Ikeda* case is the lower-numbered case, because it was initially removed to this Court for the first time in 2011 under the caption *Steven M. Ikeda v. Swiss II, LLC*, Case No. CV 11-9686 R (FFMx).

**II. *de la Cueva v. Alta-Dena Certified Dairy, LLC*, No. CV 12-01804 GHK (CWx).**

15. This case may also be deemed related to *de la Cueva v. Alta-Dena Certified Dairy, LLC*, Case No. CV 12-01804 GHK (CWx).

16. The *de la Cueva* case was removed to this Court on March 2, 2012, and was assigned to the calendar of the Honorable George H. King, United States District Judge.

17. The plaintiff, Mr. de la Cueva, like the plaintiff in the instant action, was employed by Alta-Dena and asserted claims against Alta-Dena for missed meal and rest breaks and related claims arising under California law.

18. Indeed, the plaintiff in this case, Mr. Perez, was a putative class member in the *de la Cueva* case and submitted a declaration in support of Mr. de la Cueva's motion for class certification in that case. *See de la Cueva*, No. CV 12-01804, Dkt. No. 46, Ex. M, p. 72.

19. After receiving extensive briefing and hearing argument on the motion for class certification, Chief Judge King ultimately denied the motion for class certification in *de la Cueva*, and explicitly discussed in his decision Mr. Perez's declaration. *See de la Cueva*, No. CV 12-01804, Dkt. No. 61 at 4.

20. Both this case and the *de la Cueva* case were filed as putative class actions alleging claims for missed meal and rest breaks under California law.

21. Both cases involve a common defendant, Alta-Dena Certified Dairy, LLC.

22. Both cases are likely to involve substantially similar questions of fact in terms of the meal and rest break policies and practices of Alta-Dena, and will involve overlapping witnesses, including drivers, supervisors, and managers.

23. Therefore, these two cases arise from related transactions, happenings, events, or occurrences.

24. Moreover, these two cases necessarily include substantially similar questions of fact and law, including at least: (a) the nature of the meal and rest break policies at issue, (b) whether such meal and rest break policies and practices complied with the law, and (c) whether class certification is appropriate.

25. In light of the substantial time and effort Judge King expended in adjudicating the motion for class certification in the *de la Cueva* case, among other motions, assigning this case to a judge who is not familiar with the facts, the claims, or the parties in this action would result in substantial duplication of labor.

### III. *Parker v. Dean Transportation, Inc., et al.*, Case No. CV 13-02621 BRO (VBKx)

26. This case may also be deemed related to *Parker v. Dean Transportation, Inc., et al.*, Case No. CV 13-02621 BRO (VBKx).

27. The *Parker* case was removed to this Court on April 15, 2013, and was assigned to the calendar of the Honorable Beverly Reid O'Connell, United States District Judge.

28. The plaintiff, Mr. Parker, was employed as a driver by Dean Foods of Southern California, LLC (dba Heartland Farms) ("Heartland") and by another Dean Foods subsidiary called Dean Transportation, Inc. ("DTI"). Effective January 1, 2013, Plaintiff's former employer Heartland merged with and into Alta-Dena, another Dean Foods subsidiary. Although Parker never was employed by Alta-Dena, he has amended his complaint to include Alta-Dena as a defendant. *See Parker*, No. CV 13-02621, Dkt. No. 25.

29. Before filing the *Parker* action, Mr. Parker sought to insert himself as a named plaintiff in the *de la Cueva* action discussed above. *See de la Cueva*, No. CV 12-01804, Dkt. No. 41.

30. Like the plaintiff in the instant action, Mr. Parker asserts claims against Alta-Dena (and other defendants) for missed meal and rest breaks and related claims arising under California law.

31. Both this case and the *Parker* case are putative class actions alleging claims for missed meal and rest breaks under California law.

32. Both actions involve a common defendant, Alta-Dena Certified Dairy, LLC.

2912086v1/013775

5

33. Both cases are likely to involve substantially similar questions of fact in terms of the meal and rest break policies and practices at issue, and may also involve overlapping witnesses, including drivers, supervisors, and managers.

34. Therefore, these two cases arise from related transactions, happenings, events, or occurrences.

35. Moreover, these two cases are likely to involve substantially similar questions of fact and law, including at least: (a) the nature of the meal and rest break policies at issue, (b) whether such meal and rest break policies and practices complied with the law, and (c) whether class certification is appropriate.

36. After removal, the plaintiffs moved to remand the case, and Defendants moved to dismiss the first amended complaint. Judge O'Connell expended considerable time and effort in adjudicating both motions, ultimately denying the motion to remand and granting the motion to dismiss in part with prejudice and denying other parts of the motion to dismiss. While the motions were pending, Plaintiff passed away. A motion to substitute was recently denied, and Plaintiff has until November 4, 2013, to identify a proper party to proceed on any remaining claims.

37. In light of the substantial time and effort Judge O'Connell expended in adjudicating these motions in the *Parker* case, assigning this case to a judge who is not familiar with any of the facts, the claims, or the parties involved in this case would result in substantial duplication of labor

PLEASE TAKE FURTHER NOTICE that this Notice of Related Case is also being served on counsel for the parties in the cases listed.

Dated: October 18, 2013

MARC M. SELTZER
STEVEN G. SKLAVER
AMANDA BONN
FRANCES S. LEWIS
SUSMAN GODFREY L.L.P.

| | |
|---|---|
| 1 | |
| 2 | JEREMY J. BRANDON |
| | (admitted pro hac vice) |
| 3 | jbrandon@susmangodfrey.com |
| | SUSMAN GODFREY L.L.P. |
| 4 | 901 Main Street, Suite 5100 |
| 5 | Dallas, Texas 75202-3775 |
| | Tel: (214) 754-1900 |
| 6 | Fax: (214) 754-1933 |
| 7 | |
| 8 | By: _____/s/ Frances S. Lewis_____ |
| 9 | FRANCES S. LEWIS |
| | Attorneys for Defendant Alta-Dena |
| 10 | Certified Dairy, LLC |

2912086v1/013775

7

## PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067-6029.

On October 18, 2013, I served the foregoing document(s) described as follows:

## NOTICE OF RELATED CASES

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

**XX** BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE: I caused to be delivered such envelope by hand to the offices of the addressee.

_____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____ BY TELECOPIER

**XX** BY ELECTRONIC MAIL: I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on October 18, 2013, at Los Angeles, California

**XX** (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Helen Danielson                                       /s/ Helen Danielson
(Type or Print Name)                                  (Signature)

2912086v1/013775                                      8

# SERVICE LIST

**_Attorneys for Plaintiff Juan Perez_**

Timothy B. McCaffrey, Jr.
Natasha Chesler
THE LAW OFFICES OF TIMOTHY B. MCCAFFREY, JR.
A Professional Corporation
11377 West Olympic Boulevard, Suite 500
Los Angeles, California 90064-1683
Telephone: (310)882-6407
Facsimile: (310)882-6359
Email: tmccaffrey@tbmlaw.net
Email: nchesler@tbmlaw.net