NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PEREZ, an individual, | CASE NO. CV 13-7741-R |
| Plaintiff, | ORDER CERTIFYING REMANDED CLASS CERTIFICATION CLAIM |
| v. | |
| ALTA-DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company, | |
| Defendant. | |

The Ninth Circuit remanded the case for this Court to reconsider whether Plaintiff's proposed subclasses should be certified due to its error in its assessment of predominance. (Dkt. No. 133).

The facts are as follows. Plaintiff was a delivery driver for Defendant from approximately 2005 to 2013. Plaintiff alleges that, from 2008 to 2011, Defendant violated state wage-and-hour laws by subjecting him and the members of a putative class to a route-restriction policy/practice, a non-compliant meal and rest break policy/practice, and a policy/practice of "auto-deducting" for meal breaks whether or not drivers took those breaks. This Court denied Plaintiff's motion to certify a class under Rule 23(b)(3) for lack of "predominance" of common class issues over

individual ones.

As the Ninth Circuit directed this Court to consider, this Court now finds that common issues predominate over individual issues regarding Plaintiff's meal break timing theory.  This Court acknowledges that the critical questions turn on what Defendant did or did not do such as: (1) whether Defendant's written policy was unlawful on its face; (2) whether supervisors permitted timely breaks; and (3) whether Defendant's route scheduling made timely breaks unavailable in practice.

The same is true regarding Plaintiff's route restriction theory.  This Court finds that two questions are common to the claims of all putative class members: (1) what, if anything, did Defendant's route restriction policy require of the drivers; and (2) did the policy vitiate Defendant's relinquishment of control during meal times?  Because Plaintiff's auto-deduction theory is derivative of the route restriction theory, the auto-deduction theory also satisfies Rule 23(b)(3)'s predominance requirement for class certification.  As a result, all three theories satisfy the predominance requirement of Rule 23(b)(3) and the classes are to be certified.

**IT IS HEREBY ORDERED** that the proposed subclasses are CERTIFIED.

Dated: October 31, 2018.

---

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE